EUREKA–SECURITY FIRE & MARINE INS. CO. v. AMERICAN STORES CO. et al.

Civ. No. 6226.

District Court, E. D. Pennsylvania.

Sept. 21, 1946.

Milford J. Meyer and C. Laurence Cushmore, Jr., both of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

■ The complaint is quite sufficient to enable the defendant to make a responsive pleading. Consequently, the motion for a more definite statement will be denied.

Inasmuch as resort to discovery procedure is indicated, it may be well to say a word now about the defendants' rights in that respect.

■ It is not intended to state any general rule governing the scope of discovery in negligence cases. It is a field, conspicuously, for the discretion of the Court. There have been cases involving requests for particularizing allegations of negligence in which this Court has denied such requests, but they have usually had to do with the contributory negligence of an individual plaintiff and, in them, the Court was of the opinion that very little would be gained by requiring amplification. For example, in one case where the complaint was based on injuries received while descending an allegedly defective ladder and the defense was contributory negligence, it would seem both unnecessary and useless to require the defendant to state anything more than that the plaintiff slipped or fell off the ladder by reason of his own carelessness.

■ This case is different. The charge of negligence may be based upon defective equipment or with the physical condition of a place or building, in which case the defendants should certainly be informed of alleged defects. Or it may have to do with the negligence of agents or employees, in which case the defendants are entitled to know which employees, provided that information can be given, and what they did that caused the damage. These facts can and should be brought out by discovery procedure.